IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 07-CR-572 |
| JOSEPH L. BORKSON, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION & ORDER**

**RUFE, J.**                                                                                                       **February 22, 2008**

       Defendant Dr. Joseph L. Borkson has moved *in limine* for the exclusion of evidence of alleged sexual misconduct under Federal Rule of Evidence 403.[1]

       Defendant is charged with writing fraudulent prescriptions for drugs.[2] In Count One (conspiracy), the Indictment alleges, "Defendant JOSEPH L. BORKSON, M.D. charged . . . cash for writing fraudulent and invalid prescriptions, and, in some instances, solicited sexual favors in exchange for the . . . prescriptions."[3] The evidence at issue in the instant Motion purports to show that Defendant exchanged illegal prescriptions for sexual favors from male prescription recipients.

       The government contends the challenged evidence should not be excluded because it is intrinsic to the conspiracy charged, and is necessary to show motive, intent and knowledge.

---

[1] The Court's recitation of facts and allegations is limited to those matters which form the basis for this Opinion and Order.

[2] Specifically, Dr Borkson faces one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and four counts of distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1).

[3] Indictment, Doc. No. 20 at ¶ 15.

1

Defendant does not challenge the relevance of the evidence at issue. Nor does he argue that it should be excluded as "other acts" evidence under Federal Rule of Evidence 404(b). The sole ground he forwards for exclusion is based on Federal Rule of Evidence 403.

Rule 403 states, in relevant part, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."[4] The Advisory Committee notes accompanying the Rule state that 'unfair prejudice' "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[5] Such exclusions are ordered in the trial court's discretion.

In United States v. Sriyuth, the Third Circuit set forth the balancing test courts should use to determine whether the probative value of certain evidence is substantially outweighed by the danger of unfair prejudice.[6] Under the test, a court must weigh "the genuine need for the challenged evidence against the risk that the information will influence the jury to convict on improper grounds."[7] The following factors inform the analysis: (1) The actual need for the evidence in view of (a) the contested issues and (b) the other evidence available to the prosecution; (2) the strength of the evidence in proving the issue; and (3) the danger the jury will be "inflamed" to decide the case on an improper basis.[8] The Court stated that "a significant danger of undue prejudice will be found to exist where there are substantial possibilities that a jury will harbor strong adverse sensitivity to

---

[4] Fed. R. Evid. 403.

[5] Fed. R. Evid. 403, Advisory Committee Notes (1972).

[6] 98 F.3d 739, 747-48 (3d Cir. 1996).

[7] Id. (citing United States v. Cook, 538 F.2d 1000, 1003 (3d Cir. 1976) (quotations omitted)).

[8] Id. at 748 (citation omitted).

the challenged evidence."[9]

The Sriyuth case regarded 'other acts' evidence that the defendant sought to exclude under Rule 403. The defendant raised a consent defense in his trial for kidnapping. The trial court permitted the government to present evidence that the defendant had raped the alleged kidnapping victim, denying the defendant's Rule 403 motion. The Third Circuit affirmed.[10] It was "convinced that this evidence was genuinely needed and relevant to prove the kidnapping" because it went directly to disprove the defendant's claim that the alleged kidnaping was really an act in furtherance of a consensual marriage plan involving willing participants.[11] The Court was further persuaded by the fact that the district court gave a limiting instruction on the sexual assault evidence.[12] Thus the Court held the danger of unfair prejudice did not substantially outweigh the probative value of the evidence at issue.

Subsequent district court cases illustrate the application of the Sriyuth test. For example, in U.S. v. Pileggi, a defendant charged with securities fraud sought to exclude, on unfair prejudice/Rule 403 grounds, evidence that his blood relatives had simultaneously made parallel trades to his own allegedly unlawful stock trades.[13] Applying Sriyuth, the court found that (1) the actual need for the evidence was strong because "few, if any," alternatives were available to the government to prove scienter and thus make out an essential element of its case; (2) the evidence was

---

[9] Id. (citation omitted).

[10] Id.

[11] Id.

[12] Id.

[13] No. 97-612-2 1998 WL 288283, at *1 (E.D. Pa. 1998).

strong enough to prove the scienter element for which it was proffered; and (3) there was no danger of inflaming the jury because the behavior reflected in the evidence did not involve "violent or socially repugnant" conduct.[14]  Also noting that a limiting instruction would be given to the jury around the  purpose of the evidence, the court denied the motion to exclude.[15]

Applying the Sriyuth test to the present Motion, the following appears.  First, the actual need for the sexual conduct evidence is substantial.  The evidence is intrinsic to the conspiracy charge against Defendant.  The government represents that it would present this evidence to show motive, knowledge and intent.  It also would use the evidence to rebut any defense that the prescriptions were written out of fear, or in the alternative, compassion for impoverished persons in desperate medical need.  The defense claims that the government has other evidence to serve the same purposes.  Specifically, it claims the government's evidence purports to show that Defendant's sexual conduct was something of a unusual departure from the typical prescription transaction, which involved prescriptions for cash, and that the government claims to have abundant evidence of these cash transactions.  Thus, while the government could possibly prove the charged conspiracy without resorting to the sexual favors evidence, this evidence would certainly strengthen its ability to demonstrate the full range of Defendant's alleged conduct, and his motives, intent and knowledge.

Because of the cash transactions evidence, the need here is unlike that in Pileggi, where few alternatives were available to demonstrate a critical element of the crime or case.  It is more akin – but not identical – to the need seen in Sriyuth, where the rape evidence was considered necessary to disprove a consent defense to the kidnapping even though other evidence went to the

---

[14] Id at *2.

[15] Id.

4

same point, because the rape evidence was especially compelling. The sexual conduct evidence here goes to show the defendant's intent, motive and knowledge. It is potentially compelling evidence of these factors, and not merely redundant alongside the apparently abundant government evidence of prescriptions for cash. As a result, the Court finds that the need for the challenged evidence is substantial.

Next, the strength of the evidence is, at this time, difficult to ascertain, and would benefit from being tested in the crucible of a trial. The defense has vigorously attempted to show that the challenged evidence may be suspect. It points out that one of the males allegedly involved in the sexual conduct recanted in court his earlier statement to the government about the same, and that the other males providing the evidence portray such conduct as rare - one male says he had sex once with the defendant; another says it happened a few times, but only early in the relationship; a third describes nine episodes over six years, while a final male says no sex ever occurred. However, the Court has essentially no basis for making a finding on the strength or quality of this evidence at this time, and thus finds this factor to be neutral.

Finally, there may be a danger that the evidence will "inflame" the jury, and result in a decision on improper, emotional grounds. By its nature, the challenged evidence could prove inflammatory for some jurors. The concept of a doctor trading prescriptions for sex may well be more inflammatory than the notion of a doctor fraudulently writing prescriptions in exchange for cash. The Third Circuit has specifically noted that "a significant danger of undue prejudice will be found to exist where there are substantial possibilities that a jury will harbor strong adverse sensitivity to the challenged evidence."[16] Thus the Pileggi court looked to whether the conduct at

---

[16] Sriyuth, 98 F.3d at 748.

issue involved extremely violent or socially repugnant behavior.  The likelihood of strong adverse sensitivity to the challenged evidence here is potentially significant.

However, the Court finds that the risk of undue prejudice does not substantially outweigh the probative value of the challenged evidence.  The evidence is intrinsic to the charges against Defendant, and may well have a unique utility in demonstrating his knowledge, intent, and motive.  Further, the inflammatory impact, if any, of the evidence can be kept to a minimum by certain limiting and screening actions which the Court, with the input of defense and government counsel, may devise and implement.  For its part, the government has already made clear that it would have no objection to a limiting instruction around the challenged evidence.  For the foregoing reasons, Defendant's Motion will be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 07-CR-572 |
| JOSEPH L. BORKSON, | : | |
| | : | |
| Defendant. | : | |

### ORDER

**AND NOW**, this 22nd day of February 2008, upon consideration of Defendant's Motion *in limine* to Exclude Evidence [Doc. No. 40], the government's Response in Opposition [Doc. No. 43], and Plaintiff's Reply [Doc. No. 47], it is hereby **ORDERED** that the Motion is **DENIED**. The challenged evidence may be used within reasonable bounds and for appropriate purposes, but may not be the subject of undue focus or repetition at trial. The Court will issue instructions to the jury on the limited permissible application of the evidence in question as appropriate, and will permit counsel to undertake focused questioning of potential jurors during *voir dire* regarding personal sensitivities or biases that may be associated with the challenged evidence. In that regard, Counsel are **ORDERED** to submit proposed *voir dire* questions and limiting instructions for the venire and the jury along with their pretrial memoranda.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**